IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMON CRAVER,

        Plaintiff,                  No. CIV S 06-0362 DFL GGH  P

    vs.

DR. ROCHE, et al.,

        Defendants.           ORDER

_____/

Introduction

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion for injunctive relief, filed on October 10, 2006, to which defendants filed a response on October 18, 2006,[1] and plaintiff filed a reply on October 26, 2006 – per discussion below, the court will order supplemental briefing at this time; 2) plaintiff's motion to compel, filed on December 14, 2006, to which defendants filed an opposition on January 4, 2007, which will be granted in part and denied in part.

\\\\\

---

[1] The court ordered a response, speaking to the issues plaintiff raised with regard to his medical condition, which was actually filed in the docket after defendants had filed an initial, response. See Order, filed on October 23, 2006. Defendants apparently elected to file no further or supplemental response.

1

Complaint

This action proceeds on a complaint, filed on February 21, 2006, against defendants High Desert State Prison (HDSP) Chief Medical Officer (CMO) Roche, M.D., and Dr. Dickinson-Boican.[2] Plaintiff contends that he arrived at HDSP on November 16, 2004. As of the filing of the instant complaint, plaintiff avers that he had had serious medical problems that were not addressed, notwithstanding his filing of grievances to the medical department. Plaintiff was seen by defendant Roche on December 7, 2004, who read a copy of the a review of records by Dr. Harry A. Khasigian, who testified in a criminal matter about plaintiff's serious medical condition. Plaintiff was placed on an orthopedic waiting list on that day, 12/7/04, but was not seen by the orthopedic specialist for several months despite having filed many grievances to obtain medical attention. Reference to plaintiff's exhibits indicates that he was seen by an in-house orthopedic specialist on February 17, 2005, and in that evaluation knee x-rays and a follow-up visit in 60 days were requested. Complaint, pp. 3-4 & Exhibit A.

On January 14, 2005, due to an incident in the exercise yard, plaintiff was forced to lie down in the exercise yard in the snow. Due to the degenerative knee disorder and arthritis from which he suffers, the arthritis in his knees was inflamed, causing him excruciating pain. Plaintiff notified an unidentified correctional officer (C/O), who failed to notify medical personnel. On January 15, 2005, plaintiff's pain was so intense that he could not move, affecting his daily activities, including hindering him from reaching the lavatory in time to avoid urinating on himself and his bunk. Id., p. 4.

When plaintiff informed defendant Roche of his serious medical condition and of the severely cold climate at HDSP, all he did was provide plaintiff with Tylenol for the pain of arthritis, which was inadequate. Plaintiff had been transferred to HDSP from Tracy State Prison,

---

[2] Although plaintiff identifies this defendant only as Dr. Dickinson, defendants' later filings indicate her full surname is Dickinson-Boican.

where he had had an active prescription for (Darvastat)[3] Propoxyphene/APAP 100/650 (1) tab, three times a day, prescribed from 11/09/04 through 12/09/04. The medical staff at HDSP ignored the prescription, giving him only Tylenol. Id.

When plaintiff saw defendant Dickinson-Boican on January 13, 2005, and informed her that the cold temperatures at HDSP, 35 degrees Fahrenheit and below, exacerbated his arthritis, she told him to complain to Sacramento. When he sought a medical transfer away from the cold climate, defendant Roche denied the transfer. Id.

Plaintiff states that he continues to suffer severe pain from the cold climate at HDSP and that the doctors at HDSP are aware of it and show only deliberate indifference to his serious medical condition in violation of the Eighth Amendment. Plaintiff attaches as Exhibits A through D, copies of medical chronos, Dr. Khasigian's evaluation, and his American with Disabilities (ADA) Placement Program Verification, of which the doctors are aware. Defendants are aware of plaintiff's ADA status. Id., p. 5.

Plaintiff seeks money damages and injunctive relief in the form of a transfer from High Desert State Prison.

Motion for a Preliminary Injunction

*Legal Standard*

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

---

[3] "Darvastat" may be a variation of Darvocet or Darvon.

'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Discussion*

Plaintiff brings a motion for a transfer from HDSP due to his arthritic condition and degenerative knee disorders described above. Plaintiff asserts that, in addition to arthritis, he suffers from a torn cartilage, meniscus and ligaments in both knees with his left knee permanently out of alignment and tending to go out at any time. Plaintiff states that the degenerative joint arthritis limits his range of motion and causes unbearable pain. Plaintiff claims that the temperature through much of the year at HDSP is very cold and there is snow. The concrete and metal cells bring the ambient temperature to less than 20 degrees Fahrenheit, and even putting on all his prison-issued clothing does not alleviate his arthritis. Motion, pp. 1-2.

Plaintiff maintains that his medical history demonstrates that his pain has been treated with narcotics in the past, but that the doctors at HDSP refuse to provide him with

4

anything but Tylenol, which plaintiff claims is ineffective unless he takes fifteen at a time four times a day, which he is concerned poses a danger to his health. At the time of filing his motion, plaintiff claims that he is not even being provided Tylenol at HDSP. Id., p. 2.

Plaintiff states that he will ultimately need bilateral knee replacement surgery, but that due to his age and the short life of artificial knees, he is not likely to be referred for surgery until his latter years. Thus, in the interim, he needs narcotic pain medication to manage the pain. Plaintiff contends that he has been cautioned not to move to places where there is snow or the temperatures become extremely cold. Plaintiff states that he gave the defendants a report about his chronic condition upon his arrival at HDSP. Plaintiff states that he is a maximum security inmate but that several institutions that house ADA mobility impaired inmates could house him: California Medical Facility (CMF); Salinas Valley State Prison; Corcoran State Prison. Motion, pp. 2-3.

As noted earlier, defendants filed a response to plaintiff's motion, prior to the court's having directed a response. Following the court's order, defendants evidently felt there was no need to further supplement their response, even though they had not specifically addressed plaintiff's medical issues, to which their attention was directed in the order. The court's review of the premature response indicates that the opposition raised by defendants rests on the following arguments: that this court cannot order a transfer of the plaintiff because the California Department of Corrections and Rehabilitation (CDCR) is not a named defendant (which entity they simultaneously assert plaintiff is barred by the Eleventh Amendment from suing) and that plaintiff has no constitutional right to choose his place of confinement. Opposition (Opp.), pp. 1-6.

Defendants fail altogether to address the factual allegations raised by plaintiff. Therefore, defendants will be directed, within twenty days, to supplement their briefing in opposition to plaintiff's motion for preliminary injunctive relief in the form of a prison transfer, to include, at a minimum, an expert's declaration with regard to plaintiff's current medical

condition and the treatment thereof; whether or not the cold temperatures and snow conditions that occur at HDSP can be tolerated by plaintiff in his condition; how Tylenol is or is not adequate to meet his medical needs; and why, if he has, he has been deprived of any medication, even Tylenol, in light of the chronic pain from which he states that he suffers. Plaintiff must file any supplemental reply within twenty days of service of the supplemental opposition from defendants. There will be no extensions of time.

<u>Motion to Compel</u>

Plaintiff moves the court for an order to compel production of certain documents from defendants. Plaintiff propounded the same requests in his first set of requests for production of documents upon both defendants. The following are the requests and responses at issue:

**Request No. 2**: Complete copy of plaintiff's medical file.

**Response**: Responding party, an individual, does not have the requested documents in his [her[4]] possession, custody or control. Said documents are private records per California law.

**Request No. 3**: Any and all documents medical and otherwise that prohibit the medical transfer of arthritic inmates.

**Response**: Responding party, an individual, does not have the requested documents in his possession, custody or control.

**Request No. 4**: Any and all documentation that prohibits the issuance of Celebrex, Vicodin, Darvastat, and all other pain medication here at High Desert State Prison.

**Response**: Responding party, an individual, does not have the requested documents in his possession, custody or control.

Plaintiff argues that he needs the documents sought in order to use them as jury trial exhibits, and prior to that, as exhibits to withstand any motion for summary judgment. Plaintiff contends that regardless of whether or not defendants are sued in their individual

---

[4] In the case of the duplicate response from defendant Dickinson-Boican.

capacity, they must still provide the requested documents pursuant to Fed. R. Civ. P. 26.  Motion to Compel (MTC), p. 2.

        *Opposition*

        Defendants assert that each defendant doctor is employed by CDCR and "neither could be considered plaintiff's personal physician."  Opposition (Opp.), p. 1.  Since neither has his or her own practice, neither is a custodian of plaintiff's medical records or of internal CDCR records.  Further, they maintain, the records at issue are equally available to plaintiff from CDCR.  Opp., pp. 1-2.  Defendants Roche and Dickinson-Boican each submit declarations, averring that each is a doctor employed by CDCR, who do not treat patients except through their employment by the state.  Exhibits A and B, respectively, to Opp.  Defendant Roche declares that he currently works at HDSP (in Susanville), while defendant Dickinson-Boican states that she works at this time at California Correctional Center in Susanville.  Defendant Roche and defendant Dickinson-Boican each state that he/she is not the custodian of records at HDSP or at any other entity in which plaintiff has been incarcerated; Dickinson-Boican adds that she has no independent access to medical records at HDSP.  Id.

        Defendants also argue that these defendants may not be sued in federal court in their official capacity because this court lacks jurisdiction to hear such a lawsuit, citing the Eleventh Amendment.  Opp., p. 2.[5]  Defendants go on to assert that each is sued only in his/her individual capacity and may therefore only be compelled to produce documents that they actually have in their personal possession, custody and control, and that medical records are private, pursuant to California law, and therefore not accessible by defendants in their individual capacity.  Opp., pp. 2-3.  Defendants also contend that plaintiff, an inmate at HDSP, has the right to inspect his own medical file at the prison, as well as the right to seek records from the

---

[5] Defendant's counsel cannot be serious about such an argument when prospective relief is involved based upon an alleged violation of the federal Constitution or laws.  See Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358 (1991).

appropriate custodian of records.

*Discussion*

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to the claim or defense of any party...." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

Defendants' insistence that they are each sued only in his/her individual capacity is simply incorrect. The liberal pleading rules of the federal courts are even more liberally applied in construing pro se complaints. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (pro se complaints subject to "less stringent standards than formal pleadings drafted by lawyers...."). Such a plaintiff need not expressly state in what capacity each party is sued, particularly in such an instant as this one, wherein, claims for relief are made for injunctive relief, as well as for money damages. Defendants might surely logically infer that they are sued, each in his/her official capacity, when prospective injunctive relief is sought. While, since defendant Dickinson-Boican represents that she is not currently employed at HDSP, it is likely that plaintiff cannot proceed against her in her official capacity for prospective injunctive relief, the Eleventh Amendment presents no bar to plaintiff's suing the HDSP Chief Medical Officer (Roche) in his official capacity for such relief.

Just as it is not necessary to allege Monell[6] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a

---

[6] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

8

state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). The gravamen of plaintiff's complaint is that he has been subjected to the deliberate indifference of High Desert State Prison medical staff to his serious medical condition. Defendant Roche, the Chief Medical Officer at HDSP, is an appropriate official capacity defendant.

As to plaintiff's second request for production, defendants make a well-taken point in their opposition that his own medical file is equally available to plaintiff. State regulations permit plaintiff's review of his own medical file from which he should be able to obtain copies. Nor does plaintiff make clear why it is that he cannot review his medical file and make any copies he may require. However, if plaintiff is denied the opportunity to make copies of his medical records, he should be supplied a copy of his records by defendant Roche.

As to, however, request nos. 3 and 4, defendants' response is simply not adequate. Defendants make no representation that the requested documents do not exist, simply that they do not have them in their possession, custody or control, a response apparently premised on the

mistaken notion that in this action seeking, inter alia, prospective injunctive relief, defendants somehow are not sued in their official capacity. If there are any documents responsive to plaintiff's request with regard to any custom, policy, procedure, program or regulation that prohibits the transfer of arthritic inmate patients or if there is any document setting forth a policy, plan, procedure, regulation, etc., prohibiting the use of any narcotic for pain treatment or any other purpose at High Desert State Prison, defendants must produce it. If there are no such documents, defendants must so inform plaintiff. Defendants will have twenty days to do so.

Accordingly, IT IS ORDERED that:

1. Defendants must supplement their briefing in opposition to plaintiff's October 10, 2006, motion for injunctive relief, within twenty days; thereafter, plaintiff will have twenty days to file a supplemental reply to the defendants' supplemental opposition. There will be no extension of time for filing such supplemental briefing;

2. Plaintiff's December 14, 2006, motion to compel further response/production to his first set of requests for production propounded upon defendants is granted in part and denied in part as follows:

a) GRANTED as to request nos. 3 and 4, as set forth above, and defendants must serve further responses/production to these requests upon plaintiff, as well as filing proof of service of same in this court, within twenty days of the filing date of this order, and

b) DENIED as to request no. 2, except as indicated in the text of this order.

DATED: 6/15/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
crav0362.mtc+