IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMON CRAVER,

    Plaintiff,                    No. CIV S-06-0362 JAM GGH P

    vs.

DR. ROCHE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 22, 2008, the magistrate judge filed findings and recommendations herein (Docket 45) which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendants have filed objections to the findings and recommendations.(Docket 46)

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations not to be supported by the record and by proper analysis. The Court further finds Defendants' Objections to Magistrate's Findings

1

1 and Recommendations persuasive and hereby sustains these objections.

2 　　　　As Defendants argue, plaintiff's case, at best, presents a difference of medical
3 opinion as to what medication he should receive. Such a difference of opinion does not equate to
4 deliberate indifference toward plaintiff's medical needs. Sanchez v. Vild, 891 F.2d. 240, 242 (9th
5 Cir. 1989).  Neither Dr. O. Roche, who examined plaintiff only once, nor Dr. S. M. Roche, who
6 examined plaintiff only once, were plaintiff's primary physician. Their knowledge of plaintiff's
7 condition cannot be expected to be as thorough as a true primary physician's might be and, since,
8 the facts reveal that neither defendant deliberately disregarded a risk of harm to plaintiff, this
9 Court finds that neither was deliberately indifferent toward plaintiff's medical condition. Farmer
10 v. Brennan, 511 U.S. 825, 837 (1994).

11 　　　　The Court agrees with Defendants' argument that references to alleged Ibuprofen
12 and Motrin prescriptions are red herrings and do not create a genuine issue of material fact.
13 Whether or not either defendant knew of an alleged allergy to this medication is irrelevant since
14 there is no proof that either prescribed the medication to plaintiff. Even if either defendant
15 prescribed Motrin to plaintiff after he claimed to be allergic to this medication, this prescription
16 would not constitute deliberate indifference. Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.
17 1990).

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

In short, this Court finds that no genuine issues of material fact concerning defendants' review of plaintiff's medical records before allegedly prescribing appropriate medication for plaintiff's osteoarthritic knee condition remain.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 22, 2008 are not adopted:

2. Defendants' motion for summary judgment, filed on June 20, 2007 (#27), is GRANTED. The clerk of the Court is hereby directed to enter judgment in accordance with this Order.

DATED: September 3, 2008

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

/crav0362.806